UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ABEL ALFARO                                                    CASE NO. _____

VERSUS

ROOFING SOLUTIONS, LLC

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Abel Alfaro, who respectfully submits this Complaint.

*Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

*Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) because the plaintiff was employed by defendant in this district and all (or nearly all) of the overtime hours worked by the plaintiff occurred within this District. Further, the defendant resides within this District.

*The Defendant*

3.

Made Defendant herein is Roofing Solutions, LLC, a Louisiana limited liability company domiciled and having its principal office in Ascension Parish, Louisiana.

*Statement of Facts*

4.

Defendant, Roofing Solutions, is a roofing company domiciled in Ascension Parish, Louisiana.

5.

The FLSA applies to Roofing Solutions' employment of plaintiff.

6.

Defendant is the "employer" of plaintiff as that term is defined by the FLSA.

7.

Defendant hired plaintiff, directed his work, supervised him, determined his work schedule and paid him an hourly wage.  At all times, defendant had the power to hire and fire plaintiff, and implemented its corporate policy of not paying overtime to certain employees.

8.

Defendant Roofing Solutions is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, defendant provides services in connection with commercial construction projects that incorporate materials manufactured in interstate commerce.

9.

Defendant had annual revenues that exceed $500,000.00 in all years to which this action pertains.

10.

Roofing Solutions employed plaintiff from approximately 2005 through August of 2020. During that time, plaintiff estimates he worked, on average, between 55 and 60 hours per week, and sometimes more.

11.

As a roofer, plaintiff was personally involved in interstate commerce, commonly handling goods, tools, materials and equipment manufactured in interstate commerce as part of his duties.

12.

Section 207(a)(2)(C) of the FLSA mandates that non-exempt employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

13.

Despite the fact that the Plaintiff was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. Instead, plaintiff was paid a salary.

14.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week throughout the duration of his employment.

15.

The defendant knowingly and willfully violated the FLSA. Plaintiff is therefore also entitled to recover from defendant an equal sum as liquidated damages, together with reasonable attorney's fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alfaro prays for the following relief:

1. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

2. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA; and

3. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*